IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ____

LARRY EDWARDS,

       Plaintiff

v.

EASTERN HOTEL GROUP, LLC d/b/a ECONOLODGE CANON CITY,
NAHID SULTANA, and
LUTFUL LATIF

       Defendants

---

**COMPLAINT
AND JURY DEMAND**

---

Plaintiff, Larry Edwards, by and through his attorneys, Bergsten Law Offices, hereby file this Complaint and Jury Demand against the above named Defendants.

**I. INTRODUCTION**

1. Plaintiff brings this Tort Action against Defendant Eastern Hotel Group, LLC d/b/a Econolodge Canon City (hereafter, "Econolodge") and Lutful Latif (hereafter, "Latif") for relief through injunctive relief, compensatory damages and attorney fees stemming from Defendants' violations of Plaintiff's rights guaranteed by the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. §§ 24-34-601, 24-34-306(2)(b)(I)(B), 24-34-301(5)(a) and (5.3), 24-34-505.6, 24-34-801, *et. seq.*, and the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §§ 12181-12189, and the relevant regulation implementing title III, 28 C.F.R. pt. 36.

2. Plaintiff brings this Tort Action against all Defendants for relief through damages and attorneys' fees available under and stemming from Defendants' violations of Plaintiff's rights to be free from discrimination causing intentional infliction of emotional distress.

3. Defendants' conduct, jointly and severally, directly and proximately caused the deprivation of Plaintiff's protected rights; Plaintiff seeks relief through injunctive relief, compensatory damages, punitive damages, and attorney fees.

## II. JURISDICTION

4. Jurisdiction over the federal claims is conferred on the Court pursuant to 28 U.S.C. §§ 1331 and 1343, and may exercise jurisdiction over the state claims pursuant to its authority under 28 U.S.C. § 1367(a).

5. Jurisdiction for attorney fees and costs is found at 28 C.F.R. 35.176, 42 U.S.C. § 12133, 29 U.S.C. § 794a(b), and Colo. Rev. Stat. §§ 24-34-802(3), 804(3)(b).

6. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391.

## III. PARTIES

7. At all times material hereto, Plaintiff Larry Edwards is an adult individual and a resident of Douglas County, Colorado.

8. At all times material hereto, Defendant Econolodge is a corporation pursuant to Colo. Rev. Stat. § 24-34-601(1), with its principal business address of 311 Royal Gorge Boulevard, Canon City, Colorado 81212.

9. At all times material hereto, Defendant Lutful Latif is an adult individual and a resident of Colorado. At all times material hereto, Defendant Latif is the owner and manager of Defendant Econolodge.

10. At all times material hereto, Defendant Nahid Sultana is an adult individual and a resident of Colorado. At all times material hereto, Defendant Sultana is the owner and manager of Defendant Econolodge.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations contained above.

12. Plaintiff, Mr. Edwards, is an individual with disabilities. Colo. Rev. Stat. § 24-34-301(2.5) ("'Disability' has the same meaning as set forth in the federal 'Americans with Disabilities Act of 1990' . . . and its related amendments and implementing regulations.").

13. Mr. Edwards is a qualified individual with a disability for purposes of using the accommodation services provided by Defendant Econolodge. 42 U.S.C. § 12102; 49 C.F.R. § 37.3 (definition of "disability;" 49 C.F.R. § 27.5 (same); Colo. Rev. Stat. § 24-34-301 (5.6) ("'Qualified individual with a disability' . . . has the same meaning as set forth in the federal "Americans with Disabilities Act of 1990' . . . and its related amendments and implementing regulations.").

14. Mr. Edwards uses a service animal as defined under 49 C.F.R. 37.3 (nonexclusive definition of "service animal"), a dog, "Taz[1]."

15. Taz was housebroken.

16. Taz was trained by Pilot Service Dogs and was obedient to Mr. Edwards.

17. During all times material hereto, Taz was under Mr. Edwards's control.

---

[1] Since this incident, Taz has retired.

18. Taz has been individually trained to perform tasks for the benefit of Mr. Edwards and to alleviate his disability, specifically, his Macular Degeneration ("blind").

19. On August 31, 2019, Mr. Edwards, with his service animal, Taz, and his wife, Debra Edwards, were denied full and equal enjoyment of a place of public accommodation by virtue of being turned away from the hotel by Defendants based on his disability.

20. Plaintiff and his wife, Debra Edwards, had made advanced reservations at Defendant Econolodge because it was Labor Day weekend and the Edwards wanted to make sure they secured a room to stay and enjoy the weekend.

21. On August 31, 2019, Mrs. Edwards entered Defendant Econolodge to check in to their pre-reserved hotel room; Plaintiff and Taz waited outside in the car.

22. Mrs. Edwards informed Defendant Latif during the check-in process that Plaintiff and Taz were waiting in the car and Taz was a service animal.

23. Defendant Latif informed Mrs. Edwards that it would take 15 minutes for the "pet room" to be cleaned and ready.

24. Defendant Latif gave Mrs. Edwards room number 114, which is a designated pet-room at Defendant hotel.

25. Mrs. Edwards responded that a pet room was not necessary for a service animal under the Americans with Disabilities Act.

26. Defendant Latif became upset and responded, "we have rules at the hotel, a dog is a pet and must be in a pet friendly room."

27. Mrs. Edwards again asked to be assigned to a room, even if it was not pet friendly.

28. Defendant Latif became increasingly angry and again stated that it was hotel policy to assign pets to pet friendly rooms.

29. Mrs. Edwards asked to speak to the manager over this issue and Defendant Latif advised he was the manager.

30. Mrs. Edwards then advised him of the Americans with Disabilities Act and explained that it was against the law to deny a guide dog any room in the hotel.

31. Defendant Latif then raised his voice at Mrs. Edwards and said, "You don't have to educate me. I know the law, too, and I have the right to refuse you service."

32. Mrs. Edwards noticed another family entered the lobby and she asked why she and her husband were being denied service and reminded him that they had already paid.

33. Defendant Latif waived his hand at Mrs. Edwards and repeated that he knew the law and had the right to refuse them a room.

34. At no time did Defendant Latif offer the Edwards a different room.

35. Mrs. Edwards advised him she was reporting his conduct to the police and went outside to the car to explain what happened to Plaintiff; she then called the police and spoke to Officer Kristen Nelson.

36. Following an investigation of this incident, Defendant Sultana provided a written statement explaining that Mrs. Edwards was repeatedly offered a pet friendly room, even though non-pet rooms were available.

37. This discrimination, harassment, and interference with Mr. Edwards's rights and privileges caused Mr. Edwards humiliation, and mental and emotional distress.

38. As a direct and proximate result of the wrongful conduct of each of the Defendants, Mr. Edwards has been substantially injured. These injuries include, but are not limited to, humiliation, and mental and emotional distress caused by the conduct of all Defendants.

39. Mr. Edwards is deeply disturbed by the willfully wanton and reckless conduct of Defendants that directly caused violations of his Federal and State Rights.

40. Mr. Edwards is entitled to punitive damages on his tort claims against Defendants to redress their willful, wanton, and reckless conduct.

41. Mr. Edwards will be irreparably harmed if the injunction and the judgment sought are not entered for Mr. Edwards and against Defendants.

42. Mr. Edwards also requests injunctive relief sought to prevent future harm to himself and others similarly situated from the discriminatory conduct of Defendants.

**V. FIRST CLAIM FOR RELIEF**
**Violations of the Americans with Disabilities Act**
(Against all Defendants)

43. Mr. Edwards hereby realleges and incorporates by reference as though fully set forth herein the allegations contained above.

44. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. 36.201(a).

45. Defendant Econolodge is a place of "public accommodation" under 42 U.S.C. § 12121(7)(A) and 28 C.F.R. §36.104(1)(i).

46. Defendants violated the ADA by failing to "modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(a).

47. Defendants violated the ADA by denying Mr. Edwards the benefits of its and their services, programs, and activities, as more fully set forth above.

48. Defendants discriminated against Mr. Edwards for his use of a service animal when they denied him a room at Defendant Econolodge.

49. Each Defendant unlawfully denied Plaintiff Edwards the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by Defendant Econolodge by only permitting the Edwards to stay in a "pet friendly room" and not offering any other option.

50. Each Defendant unlawfully denied Plaintiff Edwards the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by Defendant Econolodge by repeatedly referring to Plaintiff Edwards' dog, Taz, as a pet and only a pet.

51. Each Defendant unlawfully denied Plaintiff Edwards the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by Defendant Econolodge by only refusing to rent to Plaintiff any room other than a pet friendly room, even after being advised of the ADA by Mrs. Edwards.

52. Each Defendant discriminated against Plaintiff on the basis of disability by adhering to a policy or practice of excluding persons accompanied by service animals from renting a room, regardless of its "pet friendly" designation.

53. The acts or omissions of Defendants were moving forces behind Mr. Edwards's injuries.

54. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his rights pursuant to the ADA and caused him other damages.

55. It is Defendants' policy custom, policy, decision, widespread habit, usage, or practice to routinely house disabled persons with service dogs to pet-friendly rooms, only.

56. As a proximate result of Defendants' unlawful conduct, Mr. Edwards suffered actual mental and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages, in amounts to be determined at trial.

57. Mr. Edwards and other individuals with disabilities who use service animals will continue to use Defendants' public transportation services and experience the same discriminatory conduct by Defendants and continue to suffer damages as a result.

## VI. SECOND CLAIM FOR RELIEF
### Violations of Colorado Anti-Discrimination Act
(Against all Defendants)

58. Plaintiff hereby realleges and incorporates by reference as though fully set forth herein the allegations contained above.

59. Under the Colorado Anti-Discrimination Act ("CADA"), people with disabilities must be "enable[d] . . . to participate fully in social . . . as well as other activities in our state on the same terms and conditions as individuals without a disability[.]" Colo. Rev. Stat. § 24-34-801(1)(a).

60. In addition, "individuals . . . with a disability have the same rights as individuals without a disability to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places[.]" *Id.* § (1)(b).

61. In addition, "individuals . . . with a disability must not be excluded, by reason of his or her disability, from participation in or be denied the benefits of the services, programs, or activities of any public entity or be subject to discrimination by any public entity." *Id.* § (1)(d).

62. It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability…the full an

equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation . . . or that an individual's patronage or presence at a place of public accommodation is unwelcome, objectionable, unacceptable, or undesirable because of disability." Colo. Rev. Stat. § 24-34-601(2)(a).

63. Part 6 of Title 24, Article 34 of the CADA applies to "any place of business engaged in any sales to the public in any place offering services, facilities, privileges, advantages, or accommodations to the public, including but not limited to . . . any public transportation facility . . . or public facility of any kind . . . ." Colo. Rev. Stat. § 24-34-601(1).

64. Under the CADA, "'Person' means one or more individuals, limited liability companies, partnerships, associations, corporations, legal representatives, trustees, receivers, or the state of Colorado and all of its political subdivisions and agencies." Colo. Rev. Stat. § 24-34-301(5)(a).

65. Each Defendant is a person within the meaning of the CADA.

66. "It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability . . . the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation. Colo. Rev. Stat. § 24-34-601(2)(a).

67. Mr. Edwards is an individual with a disability under the CADA. Colo. Rev. Stat. §§ 24-34-802(1), 24-34-301(2.5) ("Disability" has the same meaning as set forth in the federal 'Americans with Disabilities Act of 1990' . . . and its related amendments and implementing regulations.").

68. "A court that hears civil suits pursuant to this section shall apply the same standards and defenses that are available under the federal 'Americans with Disabilities Act of 1990',

42 U.S.C. sec. 12101 *et seq*., and its related amendments and implementing regulations." Colo. Rev. Stat. § 24-34-802(4).

69. "A claim brought pursuant to paragraph (a) of this subsection (2) [of Colo. Rev. Stat. § 24-34-601(1)] that is based on disability is covered by the provisions of section 24-34-802." Colo. Rev. Stat. § 24-34-601(2)(b).

70. Under the ADA, "Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State or political subdivision of any State or jurisdiction that provides greater or equal protection for the rights of individuals with disabilities than are afforded by this chapter." 42 U.S.C. § 12201(b).

71. To the extent that the CADA provides greater protections for the rights of individuals with disabilities than are provided under the ADA, the CADA protections prevail.

72. The CADA provides specific statutory protections for individuals with disabilities. Colo. Rev. Stat. § 24-34-801, 802, 803, and 804.

73. The CADA also provides specific statutory protections pertaining to the "Rights of individuals with service animals." Colo. Rev. Stat. § 24-34-803, 804.

74. "Qualified individual with a disability" or "individual with a disability" has the same meaning as set forth in the federal "Americans with Disabilities Act of 1990", 42 U.S.C. sec. 12131, and its related amendments and implementing regulations. Colo. Rev. Stat. § 24-34-301(5.6).

75. Mr. Edwards is a qualified individual with a disability for purposes of using Econolodge's public services.

76. "'Public entity' has the same meaning as set forth in Title II of the federal 'Americans with Disabilities Act of 1990', 42 U.S.C. §. 12131, and its related amendments and implementing regulations." Colo. Rev. Stat. § 24-34-301(5.4).

77. "'Service animal' has the same meaning as set forth in the implementing regulations of Title II and Title III of the federal 'Americans with Disabilities Act of 1990', 42 U.S.C. sec. 12101 et seq." Colo. Rev. Stat. § 24-34-301(6.5).

78. Taz is a service animal under the CADA.

79. "It is unlawful for any person, corporation, or agent of any person, firm or corporation to withhold, deny, deprive, or attempt to withhold, deny, or deprive a qualified individual with a disability who is accompanied by a service animal any of the rights and privileges secured by section 24-34-803;" or to "[t]hreaten or interfere with any of the rights of a qualified individual with a disability who is accompanied by a service animal . . . secured in section 24-34-803;" or to "[p]unish or attempt to punish a qualified individual with a disability who is accompanied by a service animal for exercising or attempting to exercise any right or privilege secured by section 24-34-803" . . . or to "interfere with . . . a service animal." Colo. Rev. Stat. § 24-34-804(1).

80. Any person who violates Colo. Rev. Stat. § 24-34-804(1) is liable to the qualified individual with a disability who is accompanied by a service animal. Colo. Rev. Stat. §§ 24-34-804(3) and 802(2)(a), including but not limited to a court order requiring compliance and monetary damages.

81. Each Defendant unlawfully denied Plaintiff Edwards the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by Defendant Econolodge by refusing to rent him and his wife a room.

82. Each Defendant unlawfully denied Plaintiff Edwards the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by Defendant Econolodge by only permitting the Edwards to stay in a "pet friendly room" and not offering any other option.

83. Each Defendant unlawfully denied Plaintiff Edwards the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by Defendant Econolodge by repeatedly referring to Plaintiff Edwards' dog, Taz, as a pet and only a pet.

84. Each Defendant unlawfully denied Plaintiff Edwards the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by Defendant Econolodge by only refusing to rent to Plaintiff any room other than a pet friendly room, even after being advised of the ADA by Mrs. Edwards.

85. Each Defendant discriminated against Plaintiff on the basis of disability by adhering to a policy or practice of excluding persons accompanied by service animals from renting a room, regardless of its "pet friendly" designation.

86. Defendants acted intentionally and with a deliberate indifference to Mr. Edwards's federal and state rights.

87. The acts and omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

88. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his statutory rights and caused him other damages.

89. Defendants to this claim at all times relevant hereto were acting pursuant to their custom, policy, decision, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

90. As a proximate result of Defendants' unlawful conduct, Plaintiff suffered mental and emotional injuries, and other damages and losses as described herein entitling him to compensatory in amounts to be determined at trial.

91. CADA permits successful plaintiffs to recover attorney fees and costs. Colo. Rev. Stat. §§ 24-34-802(3), 804(b).

## REQUEST FOR RELIEF

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully request this Court to enter Judgment in favor of Plaintiff and against each of the Defendants and grant:

1. Injunctive relief in the form of a Court order requiring Defendants to comply with the applicable rules under these statutes;

2. Compensatory, exemplary, and consequential damages, including damages for emotional distress, mental anguish, and humiliation on all claims allowed by law in an amount to be determined at trial;

3. Economic losses on all claims allowed by law;

4. Special damages in an amount to be determined at Trial;

5. Punitive damages on all claims allowed by law against in an amount to be determined at trial;

6. Attorneys' fees and the costs associated with this action under 28 C.F.R. § 35.175, 42 U.S.C. § 12133; 29 U.S.C. § 794a; and Colo. Rev. Stat. §§ 24-34-802(3), 804(3)(b), on all claims allowed by law;

7. Pre- and post-judgment interest at the lawful rate; and

8. Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this ___ day of _____, 2020.

<u>*s/Kristina M. Bergsten*</u>_____
Kristina M. Bergsten
BERGSTEN LAW OFFICES
PO BOX 460245
Denver, CO 80246
Telephone: 303-623-4000
Email: kb@bergstenlaw.com

*Attorney for Plaintiff, Larry Edwards*

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of _____, 2020, I filed the foregoing pleading via the ECF system and served Defendants via personal service at the address below:

s/Kristina Bergsten_____
Kristina M. Bergsten, ID # 50663
BERGSTEN LAW OFFICES
PO BOX 460245
Denver, CO 80246
Telephone: 303-623-4000
Email: kb@bergstenlaw.com
*Attorney for Plaintiff,*
*Larry Edwards*
